# FRANCISCO I. GATELL, AS TRUSTEE IN BANKRUPTCY OF THE ESTATE OF BARRIONUEVO ZENO & COMPANY, Bankrupts, Complainant,

*v.*

# CREDITO & AHORRO PONCEÑO, Dft.

San Juan, Equity, No. 1189.

BANKRUPTCY.

**Deed before Four Months—Construed with One Later.**

1. Where it appears in bankruptcy proceedings that a certain deed alleged to be fraudulent was executed at a date more than four months previous to the date of the commencement of the bankruptcy proceedings, and it further appears that six days previous to the commencement of the bankruptcy proceedings an instrument was executed in the form of a supplementary deed in connection with the former deed, the court has power upon proof to declare both instruments illegal, and a motion to dismiss a bill filed for that purpose should be denied.

**Bankruptcy—Residence Immaterial.**

2. In bankruptcy proceedings the question of domicil is immaterial. All parties in interest have a right to a determination of their respective claims without regard to their place of abode.

Opinion filed January 22, 1923.

*Mr. Harry F. Besosa* for complainant.

*Mr. J. Henri Brown* for defendant.

ODLIN, Judge, delivered the following opinion:

The bill in this case was filed on November 4, 1922, and the

counsel for the defendant on December 2, 1922, filed a motion to dismiss, and the same has been argued and submitted to this court for decision. There are two grounds in the motion. The first ground is that the bill does not state facts sufficient to entitle the complainant to the relief prayed for, nor to any relief. The second ground of the motion is that this court is without jurisdiction over the defendant or over the subject-matter of the suit.

It appears that a voluntary petition in bankruptcy was filed August 30, 1921, by the firm of Barrionuevo Zeno & Company. It further appears that on April 16, 1921, more than four months prior to the filing of the voluntary petition in bankruptcy, a certain deed alleged to be fraudulent was executed by the said firm. But this deed was not presented for record until July 5, 1921, and was not actually recorded until July 15, 1921. It further appears that on August 24, 1921, six days prior to the filing of the voluntary petition in bankruptcy, an instrument in the form of a supplementary deed was executed by the said alleged bankrupt firm to the defendant.

In view of the fact that the first instrument was not presented for record until July 5, 1921, only fifty-six days prior to the filing of the voluntary petition in bankruptcy, and inasmuch as the facts set forth in the present bill of complaint, if true, will require this court to annul said instrument, and inasmuch as the supplementary deed referred to in the bill of complaint was not executed until six days before the filing of the voluntary petition in bankruptcy, I must hold that the first ground of the motion to dismiss is not well taken.

With regard to the second ground of the motion to dismiss, while it is clear that there is no diversity of domicil between

Gatell v. Credito & Ahorro Ponceño.

the complainant in the present proceeding and the defendant, it does appear that this bill is filed by the trustee in bankruptcy, and therefore growing out of a bankruptcy proceeding, I am obliged to hold that I do have jurisdiction over the defendant and over the subject-matter of this suit, in order that the bankruptcy law may be properly enforced. Therefore I am obliged to hold that the second ground of the motion to dismiss is not well taken.

Therefore the motion to dismiss is denied and the defendant is ordered to answer the bill on or before the 10th day of February, 1923, furnishing a copy of his answer to the solicitor for the complainant.

To this ruling the solicitor for the defendant excepts.